UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| PAUL NICHOLSON | : |
| Plaintiff | : |
| vs. | : Civil No: RDB 13-CV-03711 |
| | : |
| VOLKSWAGEN GROUP OF AMERICA, INC. | : |
| Defendant | : |

**SUPPLEMENTAL MEMORANDUM REGARDING SUBJECT MATTER JURISDICTION OF VOLKSWAGEN GROUP OF AMERICA, INC.**

Volkswagen Group of America, Inc. submits that the Court retains subject matter jurisdiction in the instant case pursuant to the Magnuson-Moss Warranty Act's ("MMWA") jurisdiction provision, 15 U.S.C. §§ 2310(d)(1)(B) and (3)(B), that grants a district court with original jurisdiction over a MMWA claim of $50,000.00 or greater. Former co-defendant Fitzgerald Auto Malls removed the plaintiff's state court claim (ECF 1) and no motion for remand was filed by the plaintiff, nor did the court remand the case *sua sponte*. While it is true that the MMWA count of the complaint (and subsequent amended complaints) did not set forth an amount of damages, other counts in the complaint claiming breach of warranty damages did demand $50,000.00. MMWA claims that are based on express and implied warranties (as is the case here) are governed by state law and damages under the MMWA are computed by the sum of state law breach of warranty claims to be determined in the suit. *Parran's Flooring Center, Inc. v. Ford Motor Co.*, 2011 WL 5974617 at *2-3 (D.Md. Nov. 28, 2011).[1] Therefore, it is clear that the plaintiff, in his complaint, has

---

[1] *See also Marchese v. JP Morgan Chase Bank, N.A.*, 917 F.Supp.2d 452, 460-61 (D.Md.2013) (In "removal practice, when a complaint does not allege a specific amount

specified an amount in damages that satisfies the jurisdictional amount provided for in the MMWA.[2]

It is generally held that "'the jurisdictional amount is determined by the amount of the plaintiff's original claim, provided that the claim is made in good faith.' *Wiggins v. North American Equitable Life Assur. Co.*, 644 F.2d 1014, 1016 (4th Cir.1981). The amount will not be conclusive, however, if it appears to a 'legal certainty' that the plaintiff cannot recover the jurisdictional amount. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 393 U.S. 283, 288–89 (1938)." *Parran's*, at * 2. There is nothing to indicate that the plaintiff's demand for damages of $50,000.00 was made in bad faith or that it appears to a legal certainty that that amount cannot be recovered.

This district court recently summarized the law regarding the time for determining the jurisdictional amount in a diversity action for purposes of deciding a remand. There is no reason that this summary is not equally applicable to a MMWA controversy:

> Of import here, in the context of actions removed from state court, the amount in controversy for jurisdictional purposes is determined at the time of removal. *See, e.g., Dennison v. Carolina Payday Loans, Inc.*, 549 F.3d 941, 943 (4th Cir.2008) ("federal jurisdiction [is] fixed at the time ... [the] notice of removal is filed"); *Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir.2000) (citing *St. Paul Mercury Indem. Co.*, 303 U.S. at 289–90); *Francis v. Allstate Ins. Co.*, 869 F.Supp.2d 663, 667–68 (D.Md.2012) ( "If, at [the time of removal], the parties are citizens of different states and the amount in controversy exceeds $75,000, the Court has jurisdiction on the basis of diversity 'regardless of later changes in ... the amount in controversy.' ") (quoting *Porsche Cars North America, Inc.*, 302 F.3d at 255–56; *Vinson v. Bank of America, N.A.*, 2011 WL 1326058, at *2 (D.Md. Apr.4, 2011)

---

of damages ... [t]he district court must first examine the complaint to determine whether it is facially apparent that the claims exceed the jurisdictional amount.") Here the complaint's state law counts do allege specific amounts for breach of warranty damages that meet the jurisdictional amount *and* it is also facially apparent from those counts that the MMWA claim meets that amount threshold.

[2]  VWGoA does not, in any way, concede that the plaintiff will recover that amount, or any amount, should this matter proceed to trial. It only argues that the jurisdictional amount was sufficiently pled and that this was not done in bad faith.

2

("[B]ecause the parties are admittedly diverse and the amount in controversy at the time of removal exceeded $75,000, this Court possesses diversity jurisdiction pursuant to 28 U.S.C. § 1332."); *Floyd v. Yanonis*, 2009 WL 3231627, at *1 (D.Md. Oct.5, 2009) (denying motion to remand and observing that "at the time the complaint was filed and at the time of removal, the amount in controversy exceeded the statutory amount").

*Mackin v. Variety Wholesalers, Inc.*, Civ. No. ELH 13-03849, 2014 WL 1320027, at *2 (D. Md. Mar. 31, 2014)

For the foregoing reasons the defendant Volkswagen Group of America, Inc. respectfully requests that this Honorable Court retain subject matter jurisdiction in the instant matter.

   /s/ Ronald G. DeWald
Ronald G. DeWald #00564
e-mail:     rdewald@lhlegal.com
LIPSHULTZ AND HONE, CHARTERED
Suite 108 - Montgomery Center
8630 Fenton Street
Silver Spring, Maryland 20910
Telephone:  (301) 587-8500
Facsimile:   (301) 495-9759
**Attorneys for Defendant,**
**Volkswagen Group of America, Inc**.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Supplemental Memorandum Regarding Subject Matter Jurisdiction of Defendant Volkswagen Group of America, Inc., was electronically filed and thereby served on this **31st** day of March, 2015 to:

Michael P. Darrow, Esquire
HILLMAN, BROWN & DARROW, P.A.
221 Duke of Gloucester Street
Annapolis, Maryland 21405-2500
**Attorney for Plaintiff**

   /s/ Ronald G. DeWald
Ronald G. DeWald